Johnson, J.
delivered the opinion of the Court. The facts proved, establish that the titles to the land were executed in consideration of the original debt, and being accepted by the plaintiff, they amounted to a satisfaction. It was not the substitution of one executory contract for another; but a legal transfer of property in payment of a debt.
But it is urged for the plaintiff, that the consideration expressed in the deed, being in part usurious, the deed itself is void ;and *6 tlie plaintiff’s right to recover upon the original bond is, there-F . J3 1 S lore, ummpeached.
It is a clear and long established rule of law, that no one can take advantage of Ms own wrong. He who violates a law, comes with a bad grace to ask to be restored to rights, which he had surrendered or lost by his illegal act. And for this reason, he who pays money on an illegal consideration, cannot maintain an action to recover it back. And what is the case here ?
The defendant was indebted to the plaintiff by bond: the! plaintiff accepted lands in payment; and he now asks to be released from this last contract, and to be restored to his rights on the bond, upon the ground that knowingly and wilfully, and in violation of the statute against usury, (if, indeed, the transaction be usurious) he had cancelled the debt due upon the bond. According to the rule he cannot be permitted to do so.
There is another view of this case. Suppose the plaintiff recovers here ; would it be a bar to his right to recover the lands conveyed, in an action of trespass to try titles 1 I tMnk not. The debt due on the bond was prior, in point of time, to the conveyance, and giving to the defeasance executed by the plaintiff to reconvey, its full effect; the sum expresssed in the consideration of the deed, and not the bond, is the sum secured by it, and short of this the plaintiff is not bound to accept. '
Again. It will be perceived that it is not the defendant who asks that his deed shall be avoided. For any thing that the Court can know, until he is put to plead the matter, he may believe that Ms lands were well sold for the amount due on the bond. He is not bound to avail himself of the statute against usury; and he may feel himself in conscience bound to perform Ms contract, although it may be tinctured with usury, and unequal in its operation; and the Court cannot be informed whether he will or not, until he is put to plead it in some form or other. He does not in this case, nor does the occasion call for it. The Court of Law has no power to put him upon his election, and can only administer to him his legal rights.
Motion refused.